IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

THE UNKNOWN HEIRS, DEVISEES, OR LEGATEES OF VITA LAUBENHEIMER, DECEASED;OCCUPANTS, WHOSE TRUE NAMES ARE UNKNOWN, IF ANY

        Defendants.

## C O M P L A I N T

The United States of America for its Complaint against the Defendants states the following:

1. This action is brought under 28 U.S.C.§ 1345 and 12 U.S.C. §1715 *et seq.* on behalf of the United States Department of Housing and Urban Development ("HUD"), an agency of the United States, by the United States Attorney for the District of New Mexico, as authorized by the Attorney General.

2. Venue properly lies within this Court's district.

3. On or about May 23, 2003, Vita Laubenheimer, executed and delivered to Financial Freedom Senior Funding Corporation, its successors and assigns, an Adjustable Rate Note (Home Equity Conversion), evidencing a debt with variable interest from the date of the Note at the original Note rate of 6.090% per year.   A copy of the Note is attached hereto as Exhibit "A", and made a part hereof as if fully set forth herein ("Note").

4. Simultaneously, with the execution and delivery of the Note, and in order to secure the payment of said Note, Vita Laubenheimer, executed and delivered to Financial Freedom Senior Funding Corporation, an Adjustable Rate First Mortgage (Home Equity Conversion), a copy of which is attached hereto as Exhibit "B", and made a part hereof as if fully set forth herein ("Mortgage").   Said Mortgage was duly recorded on January 18, 2001, in Book 404, Pages

3413-3420, Records of Sandoval County, New Mexico.   The Mortgage is a valid lien on the following-described real property ("Real Property") subject only to any outstanding ad valorem taxes and liens recorded pursuant to NMSA § 3-36-1 et seq.

> LOT NUMBERED ONE HUNDRED FORTY ONE (141) IN BLOCK NUMBERED ONE (1), CORRALES HEIGHTS, AS THE SAME IS SHOWN AND DESIGNATED ON THE PLAT ENTITLED "PORTIONS OF BLOCKS 1 AND 19 AND BLOCKS 20 THRU 29, CORRALES HEIGHTS, RIO RANCHO ESTATES, TOWN OF ALAMEDA GRANT, SANDOVAL COUNTY, NEW MEXICO" FILED IN THE OFFICE OF THE COUNTY CLERK OF SANDOVAL COUNTY, NEW MEXICO, ON JULY 18, 1969 IN RIO RANCHO ESTATES PLAT BOOK NUMBER 1, PAGE 93

More commonly known as: 3904 El Puno Court, SE, Rio Rancho, New Mexico 87124.

5.   On or about August 17, 2006, Financial Freedom Senior Funding Corporation conveyed and assigned its interest in the Note and Mortgage to the Secretary of Housing and Urban Development.   Said assignment was recorded in the Records of Sandoval County, New Mexico, on August 21, 2006 as Document No. 200641323, a copy of which is attached hereto as Exhibit C", and made a part hereof as if fully set forth herein.

6.   Plaintiff is informed that Vita Laubenheimer died on February 16, 2015, and a copy of her Certificate of Death is attached hereto as Exhibit D, and made a part hereof as if fully set forth herein.   There may be other persons unknown to Plaintiff who may make some claim of interest or right in and to the Real Property as heirs of Vita Laubenheimer.   Plaintiff has made due search and inquiry to ascertain the names, residences or whereabouts of such persons, however, such information is unknown and cannot be ascertained.   Further, such parties have been made Defendants in this cause under the name and style as:   The Unknown Heirs, Devisees, or Legatees of Vita Laubenheimer, Deceased.

7.   Under paragraph 9 of the Mortgage and paragraph 7 of the Note, default occurred when the Real Property was no longer the principal residence of Vita Laubenheimer.

8.   The Mortgage provides that in the event of default of the Note, the Mortgage is subject to foreclosure as provided by law.   The Note is in default, and the United States is entitled

to have the Mortgage foreclosed.   All conditions precedent to enforcement of the Note and foreclosure of the Mortgage have occurred.

9. Defendant Occupants, Whose True Names are Unknown, if any, may claim an interest in the subject Real Property by reason of possession of the Real Property.

10. After all just credits and offsets are applied on the Note, there remains owing principal and interest in the amount of $139,892.08 as of April 22, 2015, plus interest at the daily rate of $7.36 from April 22, 2015 to the date of judgment, with interest accruing at the legal rate thereafter until paid, plus the amount of any advances, including ad valorem taxes, costs, expenses, and the United States District Court Clerk filing fee pursuant to 28 U.S.C. § 2412(a)(2).

**WHEREFORE**, the United States requests the following:

A. *In rem* judgment for principal and accrued interest to April 22, 2015 in the amount of $139,892.08, plus interest accruing from April 22, 2015 at the daily rate of $7.36 to the date of judgment, plus interest thereafter at the legal rate until paid, plus the amount of any advances, including ad valorem taxes, costs, expenses, and the United States District Court Clerk filing fee pursuant to 28 U.S.C. § 2412(a)(2);

B. The Mortgage be foreclosed;

C. The United States' lien on the Real Property be declared a valid lien subject only to any outstanding taxes and/or liens recorded pursuant to N.M.S.A. § 3-36-1 *et seq.*;

D. The Court appoint the United States Marshal as receiver to take possession of, advertise, and sell the Real Property to satisfy the outstanding indebtedness to the United States together with all costs and expenses of the foreclosure sale;

E. The sale be conducted by the Marshal for cash unless the United States should be the highest and best bidder in which case the United States shall be allowed up to the amount of its judgment as credit on its bid;

F. The Marshal submit a report of the sale to the Court for approval and, upon

approval of the report, the Marshal be released and discharged;

G. The purchaser at the foreclosure sale take immediate possession and title to the Real Property free and clear of any and all claims of any of the defendants;

H. The proceeds of the sale be applied as follows:   First, to the payment of the costs and expenses of foreclosure, taxes, advances and applicable statutory fees; next, to the payment and satisfaction of the judgment of the United States; and the balance, if any, to the registry of the Court pending further order or judgment of this Court;

I. All rights, claims, interests, title, or equity of any defendant and any person claiming through any defendant be barred and foreclosed as to the Real Property;

J. The redemption period be 30 days from the date of the sale.

DAMON P. MARTINEZ
United States Attorney


*Filed electronically on 12-10-2015*
MANUEL LUCERO
Assistant U.S. Attorney
P.O. Box 607
Albuquerque, NM   87103
(505) 224-1467
manny.lucero@usdoj.gov